**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raisa Krinshpun,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-01639-PHX-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Raisa Krinshpun's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act (the "Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 14, Pl. Br.), Defendant Social Security Administration Commissioner's Opposition (Doc. 16, Def. Br.), and Plaintiff's Reply (Doc. 17, Reply). The Court has reviewed the briefs and the Administrative Record (Doc. 13, R.) and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 18–34).

**I.   BACKGROUND**

Plaintiff filed her Application on June 5, 2014, for a period of disability beginning on January 30, 2014. (R. at 21.) Plaintiff's claim was denied initially on September 5, 2014, and upon reconsideration on January 22, 2015. (R. at 21.) Plaintiff testified at a hearing before the ALJ on November 22, 2016. (R. at 21.) The ALJ denied Plaintiff's Application

on February 28, 2017. (R. at 18–34.) That decision became final on April 4, 2018, when the Appeals Council denied Plaintiff's request for review. (R. at 1–7.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: chronic systolic congestive heart failure, ischemic cardiomyopathy, and obesity. (R. at 23.)

Ultimately, the ALJ concluded that Plaintiff is not disabled. (R. at 29.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 24.) The ALJ then determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with some limitations, including: occasionally lifting and carrying 20 pounds; frequently lifting and carrying 10 pounds; standing, walking, and sitting for six hours in an eight-hour workday; frequently climbing ramps and stairs; occasionally climbing ladders, ropes, and scaffolds; frequently balancing, stooping, kneeling, crouching, and crawling; and avoiding concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. (R. at 24.) With this RFC, the ALJ found that Plaintiff cannot perform her past relevant work but can perform jobs that exist in significant numbers in the national economy. (R. at 27–29.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a

whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff raises two issues for the Court's consideration: (1) the ALJ erred by rejecting the opinion of Plaintiff's treating physician; and (2) the ALJ erred by relying on the Medical Vocational Guidelines ("Grids") as a framework for concluding that Plaintiff is not disabled. The Court finds that the ALJ committed reversible error by rejecting the opinion of Plaintiff's treating physician and accordingly remands Plaintiff's claim.[1]

### A. The ALJ erred by rejecting the opinions of Plaintiff's treating physician, Dr. Khaled Albasha, because he did not provide specific and legitimate reasons that were supported by substantial evidence in the record.

Dr. Albasha began treating Plaintiff in February 2014 and completed three assessments regarding Plaintiff's functional limitations. (R. at 397–402, 436, 469–74.) In August 2015, Dr. Albasha completed a Cardiac Impairment Questionnaire in which he opined that Plaintiff could sit for at least six hours per eight-hour workday; stand and/or walk for four hours per eight-hour workday; rarely lift or carry greater than 20 pounds; occasionally lift or carry 10 to 20 pounds; and frequently lift or carry fewer than 10 pounds. (R. at 399.) He also opined that Plaintiff's pain, fatigue, and other symptoms would interfere with Plaintiff's attention and concentration for one-third of an eight-hour workday. (R. at 400.) In January 2016, Dr. Albasha opined that Plaintiff should not perform any activity that involves heavy exertion and that her disability and prognosis for recovery would exceed 12 months due to the chronic nature of her impairments. (R. at 436.) Finally, in November 2016, Dr. Albasha completed another Cardiac Impairment Questionnaire in which he opined that Plaintiff could sit for four hours per eight-hour workday; stand and/or walk for one to two hours per eight-hour workday; rarely lift or carry greater than 10 pounds; occasionally lift or carry five to 10 pounds; and frequently lift or carry fewer than five pounds. (R. at 471.) Dr. Albasha maintained that Plaintiff's pain, fatigue, and other symptoms would interfere

---

[1] Because the Court finds that the ALJ erred in weighing the opinion of Plaintiff's treating physician, it need not address Plaintiff's argument that the ALJ erred by relying on the Grids to find Plaintiff not disabled. On remand, the ALJ should reconsider the medical evidence, which could affect the remainder of his analysis, including Step 5.

- 4 -

with Plaintiff's attention and concentration for one-third of an eight-hour workday. (R. at 472.)

The ALJ disregarded Dr. Albasha's opinions for one reason—they were purportedly inconsistent with the record as a whole. (R. at 27.) In making this finding, the ALJ noted that the record was devoid of: (1) clinical or laboratory evidence of a medical condition that would account for the opined-to limitations; and (2) recommendations by physicians that Plaintiff should limit her time standing and sitting or the amount she lifted. (R. at 27.) Instead, the ALJ gave partial weight to the opinions of the state agency reviewers, which contradicted Dr. Albasha's opinions. (R. at 26.) The Court finds that this was error.

In general, the opinion of a treating source should be given more weight than the opinion of a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating physician's opinion is controverted by a non-treating or non-examining physician, the ALJ may disregard it by providing specific and legitimate reasons that are supported by substantial evidence. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). However, the ALJ cannot simply state conclusions; instead he "must set forth his own interpretations of the evidence and explain why they, rather than the doctors', are correct." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Here, the ALJ's rationale for rejecting Dr. Albasha's opinions was neither specific nor legitimate. The ALJ did not identify which facts or evidence were inconsistent with Dr. Albasha's opinions, as was required. *See Magallanes*, 881 F.2d at 751. Instead, the ALJ merely recited the functional limitations that Dr. Albasha opined to and concluded that they were not supported by the record. This falls short of the level of specificity required by the Ninth Circuit. *See Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of

specificity our prior cases have required, even when the objective factors are listed seriatim.").[2] Defendant argues that the ALJ is not required to accept a medical opinion that is conclusory or inadequately supported by objective findings. (Def. Br. at 6–7.) Defendant is correct; the ALJ is not required to accept an opinion that is unsupported by objective findings, but he must articulate why the opinion is unsupported. *See Trevizo v. Berryhill*, 871 F.3d 664, 671 (9th Cir. 2017). He did not do that and therefore erred.

### B. The proper remedy is to remand for further proceedings.

Plaintiff asks the Court to remand her case for payment of benefits. (Pl. Br. at 21.) The credit-as-true rule applies if three elements are present. *Garrison*, 759 F.3d at 1020. First, the record must be fully developed such that further administrative proceedings would not be useful. *Id.* Second, the ALJ must have failed to provide legally sufficient reasons for rejecting evidence. *Id.* Third, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* Even if all elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

Here, the Court finds that further proceedings would be useful for the ALJ to properly evaluate Dr. Albasha's opinions and resolve conflicts in the opinion evidence. Further, even if all elements of the credit-as-true rule were met, the record as a whole creates serious doubt as to whether Plaintiff is, in fact, disabled. Accordingly, remand for further proceedings is the proper remedy.

**IT IS THEREFORE ORDERED** reversing the February 28, 2017 decision of the Administrative Law Judge. (R. at 18–34.)

---

[2] The ALJ cited to *Hogan v. Apfel*, 239 F.3d 958 (8th Cir. 2001), to support his reasoning. In *Hogan*, the Eighth Circuit held that the ALJ properly rejected a treating physician's opinion that was not supported by objective testing or the physician's treatment records. *Hogan*, 239 F.3d at 961. However, the ALJ's analysis in *Hogan* was significantly more thorough than in the present case. Moreover, that case is not controlling here.

**IT IS FURTHER ORDERED** remanding this matter for further proceedings consistent with this Order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 20th day of April, 2020.

Honorable Susan M. Brnovich
United States District Judge